MARSHALL KRATZER and GLORIA KRATZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kratzer v. Commissioner
Docket No. 3602-73.
United States Tax Court
T.C. Memo 1974-169; 1974 Tax Ct. Memo LEXIS 150; 33 T.C.M. (CCH) 732; T.C.M. (RIA) 74169; June 25, 1974, Filed. *150 Deduction of dependency exemptions for two children of prior marriage denied. Settlement agreement incorporated into divorce decree provided that former husband of Gloria Kratzer was entitled to deductions for the children as long as he made the support payments provided in the agreement, which he did. All other requirements of section 152(e) (2) (A) met. Marshall Kratzer and Gloria Kratzer, pro se. Robert P. Edler, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in income tax of Gloria Frank Kratzer (formerly Gloria Frank Kfare) for the year 1969 in the amount of $263.78, and a deficiency in income tax of Marshall R. Kratzer and Gloria Frank Kratzer for the year 1970 in the amount of $282.38. The only issue for decision for both taxable years is whether petitioners were entitled to a deduction for dependency exemptions for Gloria's two daughters of a former marriage in each of the years 1969 and 1970. FINDINGS OF FACT The stipulated facts are so found. Marshall and Gloria Kratzer are husband and wife, having been married April 19, 1970. They reside at 1154 Golfside Drive, Sehring, *152 Fla. Gloria Kfare (Kratzer) filed an individual income tax return for 1969. Marshall and Gloria Kratzer filed a joint income tax return for 1970 with the director, Internal Revenue Service Center, Chamblee, Ga.
Gloria was formerly married to Bertram Kfare, and there were two daughters of that marriage, Penny Helene and Audrey Nina, who were 17 and 14 years of age, respectively, in 1969. Gloria and Bertram were divorced in Dade County, Fla., on September 25, 1969. Gloria and Bertram entered into a property settlement agreement dated July 28, 1969, which was effective as of June 1, 1969. This agreement provided that it be, and it was, incorporated in the final divorce decree, and the parties were ordered to abide by it. In addition to providing for a division of the jointly-owned property between the parties, the settlement agreement made provision for support and maintenance of Gloria and the children by Bertram. Under these provisions, which were subject to modification if Bertram's income increased, Bertram agreed to pay Gloria $25 per week for alimony and her support, and $75 per week ($37.50 per child) as and for the support of the children. In addition, Bertram agreed *153 to make certain other provisions for Gloria and the children, the details of which are not relevant here. The agreement specifically provided: "As long as the husband is paying support money for the minor children, he shall have the right to deduct them on his income tax returns." The agreement also recited that both parties had consulted counsel and were represented by counsel in the negotiations for the agreement, and that they were both fully aware of the contents of the agreement and its legal effect.
Gloria had custody of Penny and Audrey during both 1969 and 1970, and she provided more than half of the support for the children during both years. Bertram made 38 payments by check during 1969 to Gloria, which totaled $4,170. Twenty-seven of these checks were written after the June 1, 1969, effective date of the settlement agreement, and they all either equaled or exceeded the weekly payment of $100 per week due under the settlement agreement for the support of Gloria and the two children. They totaled $2,870. Bertram made 51 payments to Gloria by check in 1970, which totaled $4,090. Under the terms of the agreement, the alimony and support payments of $25 per week for *154 Gloria were to cease on her remarriage. Bertram made all of the support payments for the children required of him under the settlement agreement for both 1969 and 1970. The divorce decree and settlement agreement were in full force and effect, without modification, throughout 1969 and 1970. Gloria filed several motions in the Dade County Circuit Court from time to time to enforce provisions of the agreement alleged to have been violated by Bertram, but at no time was Bertram found to be in contempt for failure to make the child support payments or otherwise.
Gloria deducted dependency exemptions for both Penny and Audrey on her 1969 return and Marshall and Gloria deducted dependency exemptions for both of the children on their joint return for 1970. Respondent disallowed the deductions for both years. OPINION Section 151(a), I.R.C. 1954, allows a deduction for the exemptions provided by section 151. Section 151(e) provided an exemption of $600 for the calendar year 1969 and an exemption of $625 for the calendar year 1970 for each dependent (as defined in section 152) whose gross income was less than those amounts for the calendar years 1969 and 1970. [1]
*155 Section 152(a) defines dependent as meaning any of the following individuals (which includes a son or daughter of the taxpayer) over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, "was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)." Subsection (e) (1) provides, inter alia, that if a child receives over half of his support from his parents who are divorced and such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half his support from the parent having custody for the greater portion of the year unless he is treated, under paragraph (2), as having received over half of his support from the noncustodial parent. Paragraph (2) (A) of section 152(e) provides that the child of divorced parents shall be treated as having received over half of his support from the noncustodial parent if (1) the decree of divorce or a written agreement between the parents applicable to the taxable year provides that the noncustodial parent shall be entitled to any deduction allowable *156 under section 151 for such child, and (2) such noncustodial parent provides at least $600 for the support of such child during the calendar year. It is manifestly clear from the evidence and our findings of fact that all the requirements of the above provisions of the law were met to give Bertram, the noncustodial parent, deductions for dependency exemptions for both Penny and Audrey for both the years 1969 and 1970; which would preclude allowance of the deductions to Gloria and Marshall. Both children were in the custody of Gloria throughout both years, they both received more than one-half their support in both years from Bertram and Gloria, [2]Bertram paid at least $600 for the support of each child in both 1969 and 1970, there was a written agreement, approved by the divorce court and effective for both years, which provided that Bertram should have the right to deduct the children on his tax returns as long as he was paying support money for them, and Bertram did pay the amounts required of him under the agreement for support of the children for both 1969 and 1970. *157 Petitioners, who had the burden of proving respondent's determination was wrong, claim that Bertram's payments to Gloria were not for support of the children but were in repayment of a loan, and that because Bertram violated some provisions of the settlement agreement, the entire agreement, including the provision for income tax deduction for the children, is null and void. Their evidence falls woefully short of proving either of these allegations. Many of the checks given Gloria by Bertram in both years bore notations in Gloria's handwriting that they were for child support. The evidence with respect to a loan from Gloria to Bertram sometime prior to their separation was vague and unconvincing, and furthermore, in the settlement agreement each party released the other from all claims or demands against the other except those enumerated therein, of which such a loan was not one. Likewise, the evidence produced was entirely inadequate to prove that the settlement agreement was null and void or that Bertram had violated any provisions thereof. The agreement was approved by the divorce court and was made a part of its decree, and no effort was made to have it declare the agreement *158 null and void; in fact, Gloria testified that she had taken Bertram into that court on several occasions to enforce provisions of the agreement. And the fact that petitioners may have used some of Bertram's payments to pay lawyers fees in connection with those efforts was a choice of petitioners and does not deprive them of their character as support payments for the children so far as Bertram is concerned. Decision will be entered for respondent for both years; against Gloria alone for the year 1969, and against Marshall and Gloria for 1970. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. The amount of the dependency exemption was increased to $750 by section 201(b) (1), Revenue Act of 1971. ↩
2. There was some indication in the evidence that Marshall contributed to the support of the children in 1970, but it is stipulated that Gloria actually provided over one-half the support of both children for both 1969 and 1970. ↩